[Crim. No. 1155.   Second Appellate District, Division One.—November 13, 1924.]

## THE PEOPLE, Respondent, v. LORENZO RODRIGUEZ, Appellant.

[1] CRIMINAL LAW—VIOLATION OF JUVENILE COURT LAW—EVIDENCE.— In a prosecution for a violation of the Juvenile Court Law, the defendant cannot complain that he suffered prejudice because it developed that a police officer, who was called for the purpose of impeaching a witness bearing the same surname as defendant's, after giving testimony that said witness' reputation was bad and that he had been "arrested for vagrancy and for narcotics," thought he was testifying about the defendant, where the trial court struck out all of that testimony and instructed the jury to disregard it.

[2] ID.—MISCONDUCT—RECORD—APPEAL.—In such prosecution, the defendant is in no position to complain that the district attorney, in his address to the jury, attacked the character of the defendant by asserting that he was a narcotic addict, and that he had been arrested, where the address of the district attorney is not in the transcript, and the record contains no evidence tending to support the charge of misconduct of the district attorney.

(1) 17 C. J., p. 326, sec. 3667.   (2) 17 C. J., p. 170, sec. 3462.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. E. A. Luce, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Shreve, Dorn, Shreve & Tyler for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and Hamish B. Eddie for Respondent.

CONREY, P. J.—The defendant was tried under an information which charged him with violation of the Juvenile Court Law (Stats. 1915, p. 1225), the offense having relation to his conduct with a certain female under the age of twenty-one years.   The court imposed upon him the penalty of imprisonment in the county jail in the county of San Diego

2.   See 2 R. C. L. 441; 2 Cal. Jur. 493.

for the term of eight months. The defendant gave notice of "appeal" to this court. From what action of the court below he appealed, one cannot ascertain from the record. But let it be assumed that he intended to appeal both from the judgment and from an order denying his motion for a new trial.

The evidence is amply sufficient to prove the facts charged in the information. No objection is made to the court's instructions as given to the jury. The grounds of appeal, as shown by the brief for appellant, are so entirely without merit that they scarcely furnish a subject for discussion.

[1] The defendant caused to testify, in his behalf, one Fortunato Rodriguez. Thereafter the prosecution, for the purpose of impeaching that witness, introduced the testimony of H. E. Hill, a police officer. Being asked if he knew the general reputation of Fortunato Rodriguez for truth and veracity, he answered in the affirmative and said that that reputation was bad. On cross-examination he stated that the said Rodriguez had been "arrested for vagrancy and for narcotics." The fact was then developed that in giving all of this testimony, Mr. Hill had thought that he was testifying about the defendant. Thereupon the court struck out all of the testimony, and instructed the jury to disregard it. Appellant now complains that by reason of the circumstances above stated, he suffered prejudice in the minds of the jurors, and therefore did not have a fair trial. [2] He further complains that thereafter the district attorney, in his address to the jury, attacked the character of the defendant by asserting that he was a narcotic addict, and that he had been arrested, etc. It is not contended that the district attorney voluntarily or in bad faith introduced the said evidence of Hill, to which we have referred.

Unfortunately for the argument made by counsel for defendant, it was a fact which he was obliged to concede, that the address of the district attorney is not in the transcript, and that the record contains no evidence tending to support the charge of misconduct of the district attorney.

It appears that as shown by the record there was no error committed by the court, and that the prosecution was properly conducted.

The judgment and order are affirmed.

Houser, J., and Curtis, J., concurred.